JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Administrator, Ohio Bureau of Workers' Compensation (BWC) appeals the trial court's decision granting the motion for class certification of plaintiff-appellee Angel Santos. The issue presented within this appeal is whether or not the trial court had subject matter jurisdiction over this matter.
{¶ 2} On October 15, 1999, the appellee filed its complaint seeking injunctive and declaratory relief against BWC for its attempts to secure subrogation rights, pursuant to R.C. 4123.931, against the appellee for his recovery from his employer for an intentional tort committed against the appellee while in the course and scope of his employment. The BWC had paid $121,941.03 in benefits/compensation on behalf of the appellee as a result of an injury at his workplace. The appellee settled an intentional tort claim against his employer for $500,000.
{¶ 3} In the complaint, the appellee sought to have two classes certified. The first class asserted by the appellee contained those individuals against whom the BWC had asserted subrogation rights. The second class was comprised of those individuals from whom the BWC had already recovered subrogation monies. The appellee prayed for a declaration that R.C. 4123.931 be held unconstitutional; that the court impose appropriate injunctive relief; and that the court issue an award of attorney fees, litigation expenses, and court costs in favor of the appellee. In its answer, the BWC asserted a cross claim against the appellee for subrogation of the monies it expended on his behalf. The defense of lack of jurisdiction was raised in the appellant's answer.
{¶ 4} On May 11, 2000, the BWC filed a motion for summary judgment asserting that its right of subrogation rights was constitutional under R.C. 4123.931. The appellee timely opposed this motion and filed a cross motion for summary judgment. Appropriate responses followed. On July 17, 2000, the appellee filed his motion for class certification. The appellant responded on August 3, 2000. Reply briefs and supplemental authority were filed as well.
{¶ 5} On June 27, 2001, Holeton v. Crouse Cartage Co.,92 Ohio St.3d 115, 2001-Ohio-109, was issued by the Ohio Supreme Court determining that R.C. 4123.931 was unconstitutional. The appellant filed a motion to dismiss the class action asserting that the court lacked jurisdiction on August 10, 2001. A response was filed by the appellee. On September 18, 2001, class certification was granted. On October 12, 2001, the appellant filed an acknowledgment that it could no longer assert its subrogation rights.
{¶ 6} The appellant asserts four assignments of error. However, we believe that the first assignment of error is dispositive.
{¶ 7} The first assignment of error:
 {¶ 8} THE COMMON PLEAS COURT LACKED SUBJECT MATTER JURISDICTION TO CONSIDER APPELLEE'S CLASS ACTION.
{¶ 9} The appellant asserts that the trial court lacks subject matter jurisdiction over this matter and that proper jurisdiction lies with the Ohio Court of Claims. The appellant argues that the Court of Claims had jurisdiction on all claims seeking money damages against the state or one of its agencies even where ancillary relief such as an injunction or declaratory relief is also sought. The appellant posits that the appellee's request for attorney fees requires this court to consider this action as one for money damages and not simply a request for equitable relief.
{¶ 10} Section 16, Article I of the Ohio Constitution provides that "suits may be brought against the state, in such courts and in such manner, as may be provided by law." McMullen v. Ohio State Univ. Hosp.,88 Ohio St.3d 332, 2000-Ohio-342. R.C. 2743.03 creates the Court of Claims and vests it with "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code. Id.
{¶ 11} In pertinent part, R.C. 2743.03 states:
 {¶ 12} (A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.
 {¶ 13} (2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief.
 {¶ 14} (3) In addition to its exclusive, original jurisdiction as conferred by divisions (A)(1) and (2) of this section, the court of claims has exclusive, original jurisdiction as described in division (F) of section 2743.02 and division (B) of section 3335.03 of the Revised Code.
{¶ 15} The Ohio Supreme Court has held that a major purpose of the Court of Claims Act was to centralize the filing and adjudication of all claims against the state. Ohio Hosp. Ass'n v. Ohio Dep't of HumanServices (1991) 62 Ohio St.3d 97. The Court of Claims was created to become the sole trial-level adjudicator of claims against the state, with the narrow exception that specific types of suits that the state subjected itself to prior to 1975 could be tried elsewhere as if the defendant was a private party." Id., citing to Friedman v. Johnson
(1985), 18 Ohio St.3d 85, 87. Even where ancillary relief such as an injunction or declaratory judgment is sought, the Court of Claims has exclusive, original jurisdiction in all civil suits for money damages.Friedman, supra. However, it is clear that a suit that seeks only injunctive or declaratory relief may be brought against the state in the court of common pleas. Racing Guild of Ohio, Local 304 v. State RacingComm. (1986), 28 Ohio St.3d 317, 320. The exceptions to the Court of Claims' exclusive jurisdiction should be strict and narrow. Friedman,
supra. Thus, in conclusion, this court finds that there is a presumption that a claim against the state should be filed in the Court of Claims unless the plaintiff demonstrates otherwise.
{¶ 16} In the case sub judice, the complaint states that the appellee seeks: a declaration that the appellant's attempt to enforce its subrogation rights is unconstitutional; injunctive relief; attorney fees; litigation expenses; and, court costs. The body of the complaint sets forth two classes, one from whom the appellant has sought to exert its subrogation rights, and one from whom the appellant has collected monies under its right to subrogation.
{¶ 17} Considering the first class, it is clear that the Supreme Court, in Holeton, supra, has settled the major issue when it determined that the statute permitting the appellant to collect subrogation is unconstitutional. The appellee's request for injunctive relief to prevent the further collection of subrogation monies is clearly an equitable claim for relief. The court of common pleas has jurisdiction to hear this matter, as does the Court of Claims if the issue is intertwined with a claim over which the Court of Claims has exclusive jurisdiction. To resolve the issue of the Court of Claims jurisdiction, this court must consider the second class proposed by the appellee.
{¶ 18} In the second class the appellee is, to put it candidly, seeking the return of money from the state. The appellee has colored this claim as one for restitution. An action for restitution may be brought in equity or at law. Restatement of the Law, Restitution (1937), scope. Restitution is a simple word, but a difficult subject. Dobbs, Remedies (1982), 222 Section 4.1. The word means only "restoration" — for example, restoration or restitution of property or money taken from the plaintiff. Id. Restitution, when used to mean restoration, is not a form of action, but a general description of relief afforded. Thus, a parallel term would be damages. Id. In an appropriate case, a litigant is entitled to several remedies, one of which is a judgment at law. Restatement of the Law, Restitution (1937), Section 4. Where a state has abolished the distinction between forms of action, the appropriate proceeding in an action at law for the payment of money by way of restitution is an action in which the facts entitling the plaintiff to restitution are set forth. Restatement of the Law, Restitution. Id. Section 5. Such a money judgment is ordinarily obtained through an action at law. Id. Section 5, Comment e.
{¶ 19} While we are accustomed to thinking of restitution as an equitable remedy, the fact is that, as has the plaintiff herein, a civil action may be filed which requests, as a measure of damages, restitution. Here, it would be disingenuous to find that the appellee has filed this action in equity when what the appellee clearly seeks is restitution as the measure of damages. This claim for the return of money subrogated under an unconstitutional statute is a civil action at law which should be lodged in the Court of Claims. Further, this court finds that the issues presented by the appellee in the first class seeking injunctive relief are so intertwined with the issues presented in the second class that the Court of Claims has jurisdiction over both matters.
{¶ 20} The court of common pleas does not have subject matter jurisdiction over this action. The appellant's first assignment of error is well taken.
{¶ 21} The second, third and fourth assignments of error:
 {¶ 22} THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY CERTIFYING THIS CASE AS A CLASS ACTION WHEN IT WAS NOTIFIED THAT A CLASS SEEKING THE SAME RELIEF, CONSISTING OF THE SAME PLAINTIFF CLASS MEMBERS, HAD PREVIOUSLY BEEN CERTIFIED IN THE COURT OF CLAIMS.
 {¶ 23} THE COMMON PLEAS COURT ERRED IN FAILING TO FIND THAT NO ACTUAL CASE OR CONTROVERSY EXISTED BETWEEN THE SOLE PLAINTIFF CLASS REPRESENTATIVE AND DEFENDANTS, AT THE TIME IT ISSUED ITS ORDER CERTIFYING THE MATTER AS A CLASS ACTION.
 {¶ 24} THE COMMON PLEASE COURT ABUSED ITS DISCRETION IN RULING THAT APPELLEE SANTOS MET THE REQUIREMENTS FOR CLASS CERTIFICATION.
{¶ 25} The second, third, and fourth assignments of error are moot pursuant App.R. 12.
Judgment reversed and remanded for a dismissal of the appellee's claims consistent with this court's opinion.
This cause is reversed and remanded.
It is, therefore, considered that said appellant(s) recover of said appellee(s) their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.