[Cite as *Harris v. Grafton Correctional Inst.*, 2010-Ohio-5217.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KERMIT HARRIS

　　Plaintiff

　　v.

GRAFTON CORRECTIONAL INSTITUTION

　　Defendant

　　Case No. 2009-07563-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Kermit Harris, an inmate formerly incarcerated at defendant, Grafton Correctional Institution (GCI), filed this action alleging GCI personnel wrongfully collected $170.18 from his inmate account to pay for outstanding court costs he owed. Plaintiff explained he received a check in the amount of $6,700.00 on November 24, 2008 "from a law suit that was settled." A check in the amount of $6,700.00 was deposited in plaintiff's inmate account. Plaintiff pointed out he was required "to pay a $350.00 filing fee to file the law suit" that subsequently generated the settlement. Plaintiff noted he owed a balance of $170.18 or $175.18 on the $350.00 filing fee when the settlement amount was deposited in his inmate account. According to plaintiff, the $170.18 or $175.18 he owed was automatically deducted from his inmate account and forwarded at the time his settlement check was received. On that same day, according to plaintiff, he authorized a withdrawal from his inmate account to satisfy the balance he owed on the court filing fee. Plaintiff asserted the GCI cashier's office then forwarded an additional $175.18 to pay for the court filing fee that had already been paid in full. Essentially, plaintiff maintained the filing fee balance was paid twice. Consequently,

plaintiff filed this complaint seeking to recover $195.18, an amount representing the $170.18 wrongfully collected and the $25.00 filing fee cost. The filing fee was paid. Plaintiff submitted a copy of his inmate account transaction reflecting all deposits and withdrawals made to his inmate account from November 1, 2008 to January 1, 2009.

**{¶ 2}** Defendant denied any liability in this matter. Defendant acknowledged "an error was made" in calculating the amount plaintiff owed for the court filing fee. However, defendant explained "[t]he error was corrected and the Plaintiff's personal account balance is accurate." Defendant acknowledged plaintiff authorized a withdrawal from his GCI inmate account on November 24, 2008 to pay for his court filing fee and a check in the amount of $175.18 was drafted on that same day. Defendant noted the check was subsequently voided on November 24, 2008 and plaintiff's inmate account was not affected. Defendant insisted $175.18 was not collected from plaintiff's account. Defendant contended the balance owed for the court filing fee was collected one time and one time only. Defendant maintained "the error in Plaintiff's account was corrected" without any double collection attempts. Defendant submitted a copy of plaintiff's inmate account activity from the dates November 1, 2008 to December 5, 2008. The submitted account statement clearly shows $175.18 was deducted from plaintiff's account on November 24, 2008 and credited to the account on November 24, 2008.

**{¶ 3}** Plaintiff filed a response insisting defendant wrongfully collected $170.18 to pay for outstanding court costs, which were not owed and never corrected any accounting error. Plaintiff insisted his account was never credited in the amount wrongfully collected. Plaintiff essentially argued his inmate account balance should have reflected on November 24, 2008 an amount of $6,724.83 instead of $6,554.65. The $6,554.65 balance was created after the initial payment of court filing fee costs owed was collected by defendant.

**{¶ 4}** The facts of the present action show plaintiff's claim is solely based on the alleged wrongful collection of funds to presumedly pay a filing fee balance owed. Since this particular action is for the recovery of an alleged wrongful collection, the claim is grounded solely in equity. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991), 62 Ohio St. 3d 97, 579 N.E. 2d 695. "[T]he reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages . . ." *Ohio Hosp.*

*Assn.* at 150. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson* (2002), 534 U.S. 204, at 214, 122 S. Ct. 708, 151 L. Ed. 2d 635.

{¶ 5} "Suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity." *Santos v. Ohio Bureau of Workers' Compensation*, 101 Ohio St. 3d 74, 2004-Ohio-28 at paragraph one of the syllabus. R.C. 2743.03(A)(1) and (2) states:

{¶ 6} "(A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

{¶ 7} "(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief."

{¶ 8} Additionally, R.C. 2743.10(A) states in pertinent part:

{¶ 9} "Civil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims . . ." R.C. 2743.10 does not confer equity jurisdiction at the Administrative Determination level of this court. Administrative Determination actions are solely for money damages. Equity jurisdiction in matters involving the state are reserved for judicial review. Although plaintiff, in the instant claim, is seeking to recover funds he asserted were wrongfully

withheld, the funds sought for recovery represent a claim for equitable relief and not money damages. Consequently, this court at the Administrative Determination level has no jurisdiction over claims grounded in equity based on the wrongful collection of funds from an inmate. See *Flanagan v. Ohio Victims of Crime Fund*, Ct. of Cl. No. 2003-08193-AD, 2004-Ohio-1842; also *Blake v. Ohio Attorney General's Office*, Ct. of Cl. No. 2004-06089-AD, 2004-Ohio-5420; and *Johnson v. Trumbull Corr. Inst.*, Ct. of Cl. No. 2004-08375-AD, jud. aff. (5-05-05), 2005-Ohio-1241.

{¶ 10} In essence the jurisdiction of the entire Court of Claims is based upon the type of relief sought, either money damages or equity. In *Parsons v. Ohio Bur. of Workers' Compensation*, Franklin App. No. 03AP-772, 2004-Ohio-4552, the 10th District Court of Appeals further addressed the issue of jurisdiction on equitable relief claims stating: " . . . the Court of Claims' jurisdiction is limited, in pertinent part, only to civil actions against the state permitted by the waiver of immunity contained within R.C. 2743.02. Thus, if the state consented to suit upon a claim prior to the enactment of the waiver contained in R.C. 2743.02, then the Court of Claims' jurisdiction does not extend to that claim. *Knecht v. Ohio Dept. of Rehab. & Corr.* (1992), 78 Ohio App. 3d 360, 365; *Upjohn Co. v. Ohio Dept. of Human Services* (1991), 77 Ohio App. 3d 827, 834. See, also, R.C. 2743.02(A)(1) ('To the extent that the state has previously consented to be sued, this chapter has no applicability.'). The state consented to be sued for equitable claims prior to the enactment of the Court of Claims Act. *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St. 3d 317, 320. Accordingly, we conclude that the Court of Claims cannot exercise jurisdiction over Parsons' equitable action" at ¶12. Concomitantly, the court cannot exercise jurisdiction over plaintiff's equitable action.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KERMIT HARRIS

Plaintiff

v.

GRAFTON CORRECTIONAL INSTITUTION

Defendant

Case No. 2009-07563-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

For the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's case is DISMISSED with prejudice. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kermit Harris, #344-720
501 Thompson Road
Conneaut, Ohio 44030

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

RDK/laa
5/27
Filed 6/28/10
Sent to S.C. reporter 10/22/10