[Cite as *Drouet v. Bur. of Motor Vehicles*, 2010-Ohio-5574.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

FREDDY E. DROUET

    Plaintiff

    v.

BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2009-09817-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1}   Plaintiff, Freddy E. Drouet, filed this action against defendant, Bureau of Motor Vehicles (BMV), asserting that BMV representatives wrongfully collected $572.50 for license plate fees and failed to issue valid license plates (ten) with appropriate expiration date stickers.  Plaintiff explained that "I paid $572.50 for plates and stickers for ten of my clients" at BMV on September 17, 2009 and was informed a few days later that "because the clients did not have SSNs (social security numbers) they're not allowed to have the plates and stickers."  Plaintiff related that his cash payment of $537.50 for license plates and $35.00 for deputy registrar fees was never refunded by defendant.  Consequently, plaintiff filed this complaint seeking to recover $597.50, an amount representing the total cost of plates and fees collected by defendant, plus $25.00 for filing fee costs.  The $25.00 filing fee was paid.  Plaintiff submitted a receipt showing a total of $572.50 was paid on September 17, 2009 to a local BMV deputy registrar office in Xenia, Ohio.

{¶ 2}   Defendant stated that "BMV admits that it received $537.50 in registration fees from Plaintiff and that none of these fees were refunded after the registrations were

canceled." Additionally, defendant acknowledged that an additional $35.00 in deputy registrar unrefunded fees was collected by the Deputy Registrar License Agency in Xenia, Ohio. Defendant advised that the particular license plate registrations in the present claim were canceled pursuant to R.C. 4503.10(E), after a determination was made by the BMV Investigation section that false documentation had been provided to obtain the registrations. Defendant related that the BMV Investigation section found the documents provided by plaintiff to obtain the ten registrations in September 2009 "were not genuine and BMV canceled the registrations Plaintiff had applied for on behalf of his 'clients.'" R.C. 4503.10(E) provides: "Upon the certification of the registrar, the county sheriff or local police officials shall recover license plates erroneously or fraudulently issued."

**{¶ 3}** Defendant referenced R.C. 4503.10(A)(7) in addressing the issue regarding the submission of fraudulent documents when attempting to obtain a registration. Defendant stated that "R.C. 4503.10(A)(7) requires every owner applying for a vehicle registration to furnish 'The owner's social security number, driver's license number, or state identification number, or where a motor vehicle to be registered is used for hire or principally in connection with any established business, the owner's federal taxpayer identification number.'" Defendant noted that "[i]ndividuals who do not have a valid social security number, Ohio driver's license number, or Ohio state identification number are denied vehicle registrations under this provision." Defendant explained that the documents provided by plaintiff's clients to obtain registrations on their behalf were determined to be false and consequently, the registrations were canceled. Additionally, all registration fees and deputy registrar fees paid by plaintiff were withheld by BMV.

**{¶ 4}** Plaintiff filed a response insisting that the documents he submitted to obtain registrations in September 2009 were genuine and not fraudulent. Plaintiff contended that he should be reimbursed "the entire amount he paid, including his costs of $25." Alternatively, plaintiff indicated that he would be willing to "accept a refund of the $537.50 in registration fees, excluding the deputy registrar fees of $3.50 for each of the ten applications."

**{¶ 5}** The facts of this action show that plaintiff's claim is solely based on the alleged wrongful collection of funds he paid to obtain vehicle registrations. Since this particular action is for the recovery of an alleged wrongful collection, the claim is

grounded solely in equity. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991), 62 Ohio St. 3d 97, 579 N.E. 2d 695. "The reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages . . ." *Ohio Hosp. Assn.* at 105. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson* (2002), 534 U.S. 204, at 214, 122 S. Ct. 708, 151 L. Ed. 2d 635.

{¶ 6} "[A] suit that seeks return of specific funds wrongfully collected or held by the state is brought in equity." *Santos v. Ohio Bureau of Workers' Compensation*, 101 Ohio St. 3d 74, 2004-Ohio-28 at paragraph one of the syllabus. R.C. 2743.03(A)(1) and (2) states:

{¶ 7} "(A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

{¶ 8} "(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief."

{¶ 9} Additionally, R.C. 2743.10(A) states in pertinent part:

{¶ 10} "Civil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims . . ." R.C. 2743.10 does not confer equity jurisdiction at the Administrative Determination level of

this court.  Administrative Determination actions are solely for money damages.  Equity jurisdiction in matters involving the state are reserved for judicial review.  Although plaintiff, in the instant claim, is seeking to recover funds he asserted were wrongfully withheld, the funds sought for recovery represent a claim for equitable relief and not money damages.  Consequently, this court at the Administrative Determination level has no jurisdiction over claims grounded in equity based on the wrongful collection of funds from plaintiff.  See *Flanagan v. Ohio Victims of Crime Fund*, Ct. of Cl. No. 2003-08193-AD, 2004-Ohio-1842; also *Blake v. Ohio Attorney General's Office*, Ct. of Cl. No. 2004-06089-AD, 2004-Ohio-5420; and *Johnson v. Trumbull Corr. Inst.*, Ct. of Cl. No. 2004-08375-AD, jud. aff. (5-05-05), 2005-Ohio-1241.

{¶ 11} In essence the jurisdiction of the entire Court of Claims is based upon the type of relief sought, either money damages or equity.  In *Parsons v. Ohio Bur. of Workers' Compensation*, Franklin App. No. 03AP-772, 2004-Ohio-4552, the 10th District Court of Appeals further addressed the issue of jurisdiction on equitable relief claims stating:  " . . . the Court of Claims' jurisdiction is limited, in pertinent part, only to civil actions against the state permitted by the waiver of immunity contained within R.C. 2743.02.  Thus, if the state consented to suit upon a claim prior to the enactment of the waiver contained in R.C. 2743.02, then the Court of Claims' jurisdiction does not extend to that claim.  *Knecht v. Ohio Dept. of Rehab. & Corr.* (1992), 78 Ohio App. 3d 360, 365; *Upjohn Co. v. Ohio Dept. of Human Services* (1991), 77 Ohio App. 3d 827, 834.  See, also, R.C. 2743.02(A)(1) ('To the extent that the state has previously consented to be sued, this chapter has no applicability.').  The state consented to be sued for equitable claims prior to the enactment of the Court of Claims Act.  *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St. 3d 317, 320.  Accordingly, we conclude that the Court of Claims cannot exercise jurisdiction over Parsons' equitable action." at ¶12.  Concomitantly, the court cannot exercise jurisdiction over plaintiff's equitable action.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor

FREDDY E. DROUET

     Plaintiff

     v.

BUREAU OF MOTOR VEHICLES

     Defendant

     Case No. 2009-09817-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION


     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.


                                   _____
                                   MILES C. DURFEY
                                   Clerk

Entry cc:

Kathy L. Ellison
131 N. Ludlow Street #265
Dayton, Ohio 45402

John R. Guldin
Department of Public Safety
Legal Services
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio 43218-2081

RDK/laa
6/15
Filed 7/21/10
Sent to S.C. reporter 11/15/10