[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Bur. of Workers' Comp. v. O'Donnell*, Slip Opinion No. 2023-Ohio-428.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-428

THE STATE EX REL. OHIO BUREAU OF WORKERS' COMPENSATION *v.* O'DONNELL, JUDGE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ohio Bur. of Workers' Comp. v. O'Donnell*, Slip Opinion No. 2023-Ohio-428.]**

*Mandamus—Prohibition—R.C. 2743.03(A)—Court of Claims Act—Claim for declaratory and injunctive relief filed by public employer against Bureau of Workers' Compensation is a legal claim over which common-pleas-court judge lacks subject-matter jurisdiction—Writs of mandamus and prohibition granted against common-pleas-court judge.*

(No. 2022-0108—Submitted January 10, 2023—Decided February 16, 2023.)

IN MANDAMUS and PROHIBITION.

————————————

**Per Curiam.**

**{¶ 1}** In this original action, relator, Ohio Bureau of Workers' Compensation, requests (1) a writ of prohibition ordering respondent, Judge John

P. O'Donnell of the Cuyahoga County Common Pleas Court, to stop exercising jurisdiction over *Parma v. Ohio Bur. of Workers' Comp.*, Cuyahoga C.P. No. CV-21-943131 ("the underlying case"), and (2) a writ of mandamus ordering Judge O'Donnell to dismiss the underlying case. We grant both of the requested writs.

## I. BACKGROUND

{¶ 2} In 2013, the city of Cleveland and intervening respondent, the city of Parma, sued the bureau in separate actions in the Cuyahoga County Common Pleas Court, alleging that the bureau's former premium-calculation method had resulted in excessive premium charges for non-group-rated employers. Cleveland brought its action individually; however, Parma filed a class action. In February 2020, this court held that the Court of Claims had exclusive jurisdiction over Cleveland's action because Cleveland's claim for relief—reimbursement of excessive premiums by way of restitution—sounded in law, not equity. *Cleveland v. Ohio Bur. of Workers' Comp.*, 159 Ohio St.3d 459, 2020-Ohio-337, 152 N.E.3d 172, ¶ 1, 7-8, 11. In March 2020, Judge O'Donnell dismissed Parma's action without prejudice for lack of subject-matter jurisdiction, citing this court's decision in *Cleveland*.

{¶ 3} In January 2021, Parma filed the underlying case in the common pleas court, which Parma characterized as a "refiling" of its 2013 case against the bureau. Parma sought a declaratory judgment determining the amount of the refund that it claimed it was owed by the bureau and an injunction prohibiting the bureau from refusing to pay the refund. Judge O'Donnell denied the bureau's motion to dismiss Parma's complaint, reasoning that this court's decision in *Cleveland* did not control.

{¶ 4} On the same day Parma filed the underlying case, it also filed an action against the bureau in the Court of Claims. *See Parma v. Ohio Bur. of Workers' Comp.*, Ct. of Cl. No. 2021-00024JD (July 12, 2021). In the Court of Claims, Parma asked for an award of damages as compensation for the alleged

overcharged premiums.  The Court of Claims dismissed Parma's complaint, in part because the statute of limitations had passed.

**{¶ 5}** In January 2022, the bureau brought this action against Judge O'Donnell, asserting that in the wake of this court's decision in *Cleveland*, 159 Ohio St.3d 459, 2020-Ohio-337, 152 N.E.3d 172, the common pleas court patently and unambiguously lacks jurisdiction over the underlying case.  We denied Judge O'Donnell's motion to dismiss, denied Parma's first motion to intervene, and granted an alternative writ.  166 Ohio St.3d 1528, 2022-Ohio-1837, 188 N.E.3d 197.  We later granted Parma's second motion to intervene.  167 Ohio St.3d 1456, 2022-Ohio-2429, 190 N.E.3d 632.

## II. ANALYSIS

**{¶ 6}** The central question here is whether the Court of Claims Act, R.C. 2743.01 et seq., patently and unambiguously divests the common pleas court of jurisdiction in the underlying case.  To answer that question, we must determine whether Parma brought a legal or equitable claim in the underlying case.  The bureau argues that Parma brought a legal claim that belongs in the Court of Claims and that Parma has employed artful labels to disguise its claim as equitable.  Judge O'Donnell and Parma disagree, stressing that the complaint in the underlying case advances a claim for declaratory and injunctive relief.  The absence of a legal claim requesting damages, they contend, means that Judge O'Donnell has jurisdiction over the underlying case.  We agree with the bureau.

### A. Prohibition

**{¶ 7}** To be entitled to a writ of prohibition, the bureau must establish that (1) Judge O'Donnell has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law.  *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.  If the

common pleas court patently and unambiguously lacks jurisdiction, then the bureau need not establish the lack of an adequate legal remedy. *Id.*

{¶ 8} This court will typically "deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of that jurisdiction." *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 24. Thus, "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5. When this court has determined that a "court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9.

{¶ 9} Here, we must determine whether the Court of Claims' "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code," R.C. 2743.03(A)(1), patently and unambiguously divests the common pleas court of jurisdiction in the underlying case. To do so, we must decide whether Parma's claim seeks legal or equitable relief. *Cleveland*, 159 Ohio St.3d 459, 2020-Ohio-337, 152 N.E.3d 172, at ¶ 10. "Money damages are, of course, the classic form of *legal* relief." (Emphasis sic.) *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993). But this court's decision in *Cleveland* illustrates that a claim may sound in law even when the plaintiff does not seek money damages.

{¶ 10} In *Cleveland*, the city sued the bureau in common pleas court on a claim of unjust enrichment, arguing that the discounts the bureau had provided to group-rated employers resulted in excessive premiums for non-group-rated employers like itself. *Id.* at ¶ 7. The court of appeals affirmed the common pleas

court's order directing the bureau to pay restitution to Cleveland, *id.* at ¶ 8, but this court reversed on the ground that the trial court had usurped the Court of Claims' jurisdiction, *id.* at ¶ 18.

**{¶ 11}** In determining whether Cleveland had brought a claim for legal or equitable relief, this court observed that a claim sounds in law if it "s[eeks] to recover from a defendant's general assets rather than 'specifically identified funds that remain in the defendant's possession.' " *Id.* at ¶ 16, quoting *Montanile v. Natl. Elevator Industry Health Benefit Plan Bd. of Trustees*, 577 U.S. 136, 144-145, 136 S.Ct. 651, 193 L.Ed.2d 556 (2016). Equitable remedies, on the other hand, " ' "are, as a general rule, directed against some specific thing; they give or enforce a right to or over some particular thing * * * rather than a right to recover a sum of money generally out of the defendant's assets." ' " (Ellipsis added in *Montanile*.) *Id.*, quoting *Montanile* at 145, quoting 4 S. Symons, Pomeroy's *Equity Jurisprudence*, Section 1234, 694 (5th Ed.1941). Thus, when a plaintiff cannot point to a "specifically identifiable fund * * * to seize" or to "traceable items on which the money from the fund was spent," the claim sounds in law. *Id.* Applying these principles, we concluded that Cleveland had brought a legal claim that belonged in the Court of Claims because Cleveland's premiums went into the state's general insurance fund and became commingled with the premiums of other employers. And even assuming that the state's general insurance fund could have been construed as a specific fund, the money in that fund had been paid out long ago, meaning that it could no longer be traced.

**{¶ 12}** Parma and Judge O'Donnell argue that *Cleveland*, 159 Ohio St.3d 459, 2020-Ohio-337, 152 N.E.3d 172, does not control here, because it did not involve, as this case does, claims for declaratory and injunctive relief. This argument points to the Court of Claims Act's preservation of "the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory

judgment, injunctive relief, or other equitable relief." R.C. 2743.03(A)(2); *see also Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 103, 579 N.E.2d 695 (1991) ("a suit that seeks only injunctive or declaratory relief may be brought against the state in the court of common pleas").

{¶ 13} Although Parma claims that it is seeking only a declaratory judgment and injunctive relief, we are not bound by Parma's labels. "Regardless of how an action is labeled, the substance of the party's arguments and the type of relief requested determine the nature of the action." *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 38; *see also State ex rel. Zupancic v. Limbach*, 58 Ohio St.3d 130, 132, 568 N.E.2d 1206 (1991) (this court will look beyond the pleadings to ensure that a mandamus complaint is not a disguised request for a prohibitory injunction); *Ruehmer v. Queen City Lodge*, 2021-Ohio-2904, 176 N.E.3d 350, ¶ 32 (1st Dist.) ("Artful pleading does not alter the essence of the claim * * *"). We accordingly look beyond Parma's labels and independently analyze the nature of the claims asserted.

{¶ 14} We start by analyzing Parma's claim for injunctive relief. At first blush, it may seem that Parma seeks a prohibitory injunction because it seeks an order that "forbids or restrains an act." *See Black's Law Dictionary* 905 (10th Ed.2014) (defining "prohibitory injunction"). But although Parma seeks to "enjoin[] the Bureau * * * from continuing to refuse to furnish the refunds" that Parma claims it is due, this is just an artful way of saying that it wants a refund.

{¶ 15} On this point, the bureau repeatedly points to the opinion concurring in judgment only in *Cirino v. Ohio Bur. of Workers' Comp.*, which observed: " 'It does not take much lawyerly inventiveness to convert a claim for payment of a past due sum (damages) into a prayer for an injunction against refusing to pay the sum, or for a declaration that the sum must be paid, or for an order reversing the agency's decision not to pay.' " 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 36 (DeWine, J., concurring in judgment only), quoting *Bowen v. Massachusetts*, 487

U.S. 879, 915-916, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (Scalia, J., dissenting). Parma concedes as much, saying that "the objective of [its] request for declaratory and injunctive relief is to require [the bureau] to issue refunds."

{¶ 16} As this court relayed in *Cleveland*, " ' "[a]lmost invariably * * * suits seeking * * * to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." ' " (First ellipsis added in *Great-West Life & Annuity Ins. Co.*; second ellipsis added in *Cleveland*.) 159 Ohio St.3d 459, 2020-Ohio-337, 152 N.E.3d 172, at ¶ 12, quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002), quoting *Bowen*, 487 U.S. at 918-919 (Scalia, J., dissenting).

{¶ 17} Here, Parma's premiums went into a general fund and became commingled with premiums paid by other public employers. *See Cleveland* at ¶ 17, citing R.C. 4123.30. Moreover, even if Parma's premiums had been deposited into a specific fund, Parma seeks refunds for premiums it paid from 2001 to 2011.[1] As in *Cleveland*, in which the last funds Cleveland paid were in 2009, it is inconceivable in this case how money belonging to Parma "could 'clearly be traced to particular funds or property' in the [bureau's] possession," *id.*, quoting *Great-West Life & Annuity Ins. Co.* at 213. It follows here, as it did in *Cleveland*, that Parma's claim for relief "sounds in law and must proceed through the Court of Claims, which has exclusive jurisdiction over legal claims against the [bureau]," *id*.

{¶ 18} This conclusion holds true notwithstanding Parma's additional claim for declaratory relief, which is a claim that is "sui generis in the sense that it is

---

1. Parma's complaint in the underlying case alleges that the overcharges began in "approximately 2001 and continued past 2010 * * * through 2011 and potentially beyond." Without objection from Parma, the bureau and Judge O'Donnell have described Parma as challenging the period from 2001 to 2011.

neither one strictly in equity nor one strictly at law; it may possess attributes of both." *Sessions v. Skelton*, 163 Ohio St. 409, 415, 127 N.E.2d 378 (1955). Under Ohio law, when a plaintiff brings a claim permitted by R.C. 2743.02's waiver of immunity that is joined with a claim for declaratory judgment "that arises out of the same circumstances," the Court of Claims has "exclusive, original jurisdiction to determine" both claims. R.C. 2743.03(A)(2); *see also Ohio Hosp. Assn.*, 62 Ohio St.3d 97 at 103, 579 N.E.2d 695 (Court of Claims' exclusive jurisdiction over legal claims is not defeated by the presence of a claim for ancillary relief such as a declaratory judgment that arises from the same circumstances).

{¶ 19} Judge O'Donnell rejoins that prohibition cannot lie, because the bureau has an adequate remedy in the ordinary course of law by way of appeal from the trial court's disposition of the underlying case. He further emphasizes that the common pleas court has the power to determine its own jurisdiction. But these arguments lose their force when, as here, a court patently and unambiguously lacks jurisdiction. *See Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, at ¶ 5.

{¶ 20} For its part, Parma points to instances in which courts have determined that claims for declaratory and injunctive relief were properly brought against the state in common pleas court rather than in the Court of Claims, *see, e.g.*, *Bee v. Univ. of Akron*, 9th Dist. Summit No. 21081, 2002-Ohio-5776, or, conversely, that claims for declaratory and injunctive relief were improperly brought against the state in the Court of Claims, *see, e.g.*, *Upjohn Co. v. Ohio Dept. of Human Servs.*, 77 Ohio App.3d 827, 603 N.E.2d 1089 (1991).[2] But it is

---

2. Parma also cites *Racing Guild of Ohio, Local 304, Serv. Emps. Internatl. Union, AFL-CIO, CLC v. Ohio State Racing Comm.*, 28 Ohio St.3d 317, 503 N.E.2d 1025 (1986), in which this court held that the common pleas court, rather than the Court of Claims, had jurisdiction over an action for injunctive relief brought against the state racing commission, including a claim for relief demanding that a third party be ordered to refund tax abatements. This court in *Racing Guild* reached that conclusion without analyzing whether the character of the refund would have sounded in law or

unnecessary for this court to scrutinize those cases to decide this one because "[t]he law of precedent teaches that like cases should generally be treated alike." *Epic Sys. Corp. v. Lewis*, __ U.S. __, __, 138 S.Ct. 1612, 1623, 200 L.Ed.2d 889 (2018). Aside from the words used to describe the relief sought, *Cleveland*, 159 Ohio St.3d 459, 2020-Ohio-337, 152 N.E.3d 172, and this case are substantively alike, meaning that *Cleveland* supplies the rule of decision here.[3]

**{¶ 21}** Parma next argues that it should be permitted to seek declaratory relief against the bureau because questions concerning the bureau's statutory authority are bound to arise and declaratory judgments are well-suited to resolve these questions. But, as explained above, Parma's complaint contains more than a claim for declaratory relief; it contains a disguised legal claim cast as a request for injunctive relief. When a plaintiff brings a suit against the state that combines a claim for declaratory relief with a claim sounding in law, as Parma's complaint does, both claims must be brought in the Court of Claims. R.C. 2743.03(A)(2); *see also Ohio Hosp. Assn.*, 62 Ohio St.3d at 103, 579 N.E.2d 695.

**{¶ 22}** Lastly, Parma highlights the fact that it instituted the underlying case as a class action. Parma argues that because a party in a class action may assert claims for declaratory and injunctive relief, the underlying case should be permitted to proceed before Judge O'Donnell in common pleas court. But we have no license to ignore the terms of the Court of Claims Act based on class-action considerations. *See Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, 13 N.E.3d 1115, ¶ 20 ("we must apply statutory language as enacted by the General Assembly and * * * we are prohibited from acting in a legislative capacity").

---

equity. Moreover, unlike in the underlying case here, the refund at issue in *Racing Guild* would have required a third party to return money to the state.

3. We note that the result in *Cleveland* would have been the same even if Cleveland had, as Parma has done here, joined its legal claim with a claim for a declaratory judgment. R.C. 2743.03(A)(2); *see also Ohio Hosp. Assn.*, 62 Ohio St.3d at 103, 579 N.E.2d 695.

**{¶ 23}** In summary, the bureau is entitled to a writ of prohibition because Judge O'Donnell patently and unambiguously lacks jurisdiction over the underlying case.

*B. Mandamus*

**{¶ 24}** We next turn to the bureau's mandamus claim. To be entitled to a writ of mandamus, the bureau must show (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge O'Donnell to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *See State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. When " 'a lower court patently and unambiguously lacks jurisdiction to proceed in a cause, prohibition and mandamus will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.' " *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15, quoting *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 12.

**{¶ 25}** In *Sapp*, we concluded that because the court of appeals patently and unambiguously lacked jurisdiction over an appeal, the relator was entitled to both a peremptory writ of prohibition preventing the court from proceeding over the appeal and a peremptory writ of mandamus compelling the court to dismiss the appeal. *Id.* at ¶ 32. Applying that logic here, we grant a writ of mandamus ordering Judge O'Donnell to dismiss the underlying case. Judge O'Donnell's contrary argument, that mandamus cannot lie because the bureau has an adequate remedy by way of appeal, is foreclosed by *Sapp*.

### III. CONCLUSION

**{¶ 26}** For the foregoing reasons, we grant a writ of prohibition ordering Judge O'Donnell to stop exercising jurisdiction over the underlying case, and we grant a writ of mandamus ordering Judge O'Donnell to dismiss the underlying case for lack of jurisdiction.

Writs granted.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Dave Yost, Attorney General, and Sandra Nimrick, Assistant Attorney General; and Taft Stettinius & Hollister, L.L.P., James D. Abrams, David J. Butler, David C. Roper, and Michael J. Zbiegien Jr., for relator.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jake A. Elliott and Matthew T. Fitzsimmons IV, Assistant Prosecuting Attorneys, for respondent.

Flowers & Grube, Paul W. Flowers, Louis E. Grube, and Melissa A. Ghrist; Bashein & Bashein Co., L.P.A., W. Craig Bashein, and John P. Hurst; Plevin & Gallucci and Frank Gallucci; and Weisman, Kennedy & Berris Co., L.P.A., and Daniel P. Goetz, for intervening respondent.

_____