OPINION
{¶ 1} Plaintiff-appellant, Raymond Parsons, appeals from the judgment of the Court of Claims of Ohio in favor of defendant-appellee, the Ohio Bureau of Workers' Compensation ("BWC"). For the following reasons, we reverse and remand
 {¶ 2} On October 14, 1999, Parsons suffered serious injuries while in the course and scope of his employment. He filed a workers' compensation claim, which the BWC allowed for quadriplegia, complete quadriplegia, neurogenic bladder and neurogenic bowel. The Industrial Commission declared that Parsons was permanently and totally disabled.
 {¶ 3} In addition to his workers' compensation claim, Parsons also filed a personal injury action against the person who had caused his injury. Parsons eventually settled this action for $9,750,000. After the settlement, the BWC contacted Parsons and informed him of its subrogation interest in past payments of compensation and medical benefits to him, as well as estimated future values of compensation and medical benefits it would provide to him. See R.C. 4123.931 (version effective November 29, 1995). The BWC demanded $854,159.65 from the settlement to compensate it for benefits already paid and estimated future benefit payments. Ultimately, the parties agreed that Parsons would pay the BWC $775,000 out of his settlement to satisfy the BWC's subrogation interest. On June 12, 2001, the BWC received the $775,000 payment.
 {¶ 4} Approximately two weeks after the BWC received Parsons' payment, the Supreme Court of Ohio decided Holeton v. CrouseCartage Co. (2001), 92 Ohio St.3d 115, in which the court invalidated former R.C. 4123.931 as unconstitutional. Consequently, Parsons requested that the BWC refund his $775,000. The BWC refused, so Parsons filed suit in the Court of Claims against the BWC.
 {¶ 5} Because neither party disputed the operative facts, the parties submitted the case for a judgment upon briefs and a joint stipulation of facts. On July 8, 2003, the trial court issued a decision in which it found that prior to the issuance of theHoleton decision, Parsons and the BWC had entered into a settlement agreement regarding the amount of subrogation money the BWC would receive. Thus, the trial court held it could not apply Holeton retroactively, because to do so would impair the BWC's rights under that settlement agreement. Accordingly, the trial court entered judgment for the BWC. Parsons appealed this judgment.
 {¶ 6} On appeal, Parsons assigns the following errors:
[1.] The Court of Claims erred, as a matter of law, by holding that the Ohio Supreme Court's Holeton ruling did not preclude defendant-appellee from demanding" reimbursement" from injured workers who had successfully secured recoveries from third-party tortfeasors.
[2.] The trial judge erred, as a matter of law, by concluding from the undisputed facts that defendant-appellee is entitled to retain funds that had been collected under the authority of an unconstitutional statute.
 {¶ 7} Before we address Parsons' assignments of error, we must determine a more fundamental question: whether the Court of Claims had jurisdiction over Parsons' case. While this appeal was pending, the Supreme Court of Ohio decided Santos v. Ohio Bur.of Workers' Comp., 101 Ohio St.3d 74, 2004-Ohio-28. The Santos
plaintiffs brought a class action suit in the Cuyahoga County Court of Common Pleas against the BWC on behalf of individuals from whom the BWC had recovered subrogation monies under former R.C. 4123.931. In their complaint, the Santos plaintiffs sought an order from the trial court requiring the BWC to refund the subrogation monies.
 {¶ 8} In response, the BWC moved for dismissal, asserting that the Court of Claims had exclusive jurisdiction over the action because it sought money damages. Although the trial court denied the BWC's motion, the court of appeals disagreed and determined that the Court of Claims, not the court of common pleas, had jurisdiction. Thus, the issue before the Supreme Court was "whether a suit seeking the return of funds wrongfully collected or held by the state may be properly heard in courts of common pleas, or whether because that remedy includes the payment of money, the Court of Claims has exclusive jurisdiction." Id. at ¶ 1.
 {¶ 9} To answer this question, the court looked to R.C.2743.03, which established the Court of Claims and vested it with "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code." R.C. 2743.03(A)(1). The court noted, however, that despite this broad grant of authority, the Court of Claims was not the only Ohio court granted original jurisdiction over civil actions against the state. Indeed, R.C.2743.03(A)(3) recognized that Ohio common pleas courts had original jurisdiction "to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief."
 {¶ 10} After examining the nature of the Santos plaintiffs' action, the court held that the Santos plaintiffs' action was not a civil suit for money damages, but rather an equitable action for unjust enrichment. Consequently, because the common pleas courts could hear and determine equitable actions against the state, the court held that a common pleas court had jurisdiction over the Santos plaintiffs' unjust enrichment action. Id. at ¶ 17.
 {¶ 11} Here, Parsons' action is identical to the Santos
plaintiffs' action in that it seeks repayment of subrogation monies paid the BWC pursuant to former R.C. 4123.931. Thus, like the Santos plaintiffs' action, Parsons' action is equitable.
 {¶ 12} The equitable nature of Parsons' action is important because the jurisdiction of the Court of Claims is predicated upon whether an action seeks money damages or equitable relief. As we stated above, the Court of Claims' jurisdiction is limited, in pertinent part, only to civil actions against the statepermitted by the waiver of immunity contained within R.C.2743.02.[1] Thus, if the state consented to suit upon a claim prior to the enactment of the waiver contained in R.C.2743.02, then the Court of Claims' jurisdiction does not extend to that claim. Knecht v. Ohio Dept. of Rehab. Corr. (1992),78 Ohio App.3d 360, 365; Upjohn Co. v. Ohio Dept. of HumanServices (1991), 77 Ohio App.3d 827, 834. See, also, R.C.2743.02(A)(1) ("To the extent that the state has previously consented to be sued, this chapter has no applicability."). The state consented to be sued for equitable claims prior to the enactment of the Court of Claims Act. Racing Guild of Ohio,Local 304 v. State Racing Comm. (1986), 28 Ohio St.3d 317, 320. Accordingly, we conclude that the Court of Claims cannot exercise jurisdiction over Parsons' equitable action.
 {¶ 13} Finally, we note that the BWC filed a motion to dismiss this appeal based upon the Court of Claims' lack of subject matter jurisdiction. We deny this motion because, as the motion itself recognizes, it is the Court of Claims, not this court, that lacks jurisdiction.
 {¶ 14} For the foregoing reasons, we conclude that Parsons' assignments of error are moot and we reverse the Court of Claims' July 8, 2003 judgment. Further, we remand this case to the Court of Claims for it to vacate its judgment and dismiss Parsons' action without prejudice.
Judgment reversed and cause remanded; motion to dismiss denied.
Brown and Watson, JJ., concur.
[1] In addition to civil actions against the state permitted by the waiver of immunity contained in R.C. 2743.02, the Court of Claims has jurisdiction over "causes of action of all parties in civil actions that are removed to the court of claims" and "appeals from the decisions of the court of claims commissioners." R.C. 2743.03(A)(1).