[Cite as *Patterson v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-6619.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KARLOS L. PATTERSON

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant

Case No. 2010-01468-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Karlos L. Patterson, a former inmate under the custody of defendant, Department of Rehabilitation and Correction (DRC), filed this action contending DRC wrongfully collected supervision fees from him when he was placed in Post Release Control (PRC) following his release from prison. Plaintiff explained he was first placed in PRC upon his release from prison in August 2005 and defendant collected supervision fees from him until the end of January 2010 when his PRC status was terminated pursuant to the decision by the Ohio Supreme Court in the consolidated case *State v. Bloomer*, 122 Ohio St. 3d 200, 2009-Ohio-2462. In *Bloomer*, the sentencing court failed to follow statutory requirements regarding notice to the offender of the implementation and length of PRC upon release from prison or include in its sentencing entry the incorporation and length of mandatory PRC. Under the *Bloomer* decision, an offender cannot be subjected to the imposition of another sentencing to correct a trial court's failure to correctly impose PRC and consequently, this imposition of PRC is unenforceable. Plaintiff essentially argued the imposition of PRC upon him was unenforceable and therefore, defendant improperly collected supervision fees from

his during the period PRC was unenforceably imposed. Plaintiff seeks recovery of $960.00, the amount of supervision fees paid from August 2005 to January 2010. The filing fee was paid.

**{¶ 2}** Defendant acknowledged plaintiff was released from prison on August 22, 2005 after serving a two year sentence and was then required to serve a period of PRC under the supervision of defendant's Adult Parole Authority (APA). Defendant further acknowledged plaintiff was required to pay a supervision fee of $20.00 a month for the time he was under PRC, which was collected by the APA. Total supervision fees collected amounted to $960.00. Defendant explained the supervision fee was collected pursuant to the provision of R.C. 5120.56 and Ohio Administrative Code section 5120:1-1-02.[1] Defendant further explained plaintiff's original sentencing entry was reviewed as a result of the *Bloomer* decision and it was determined "[t]he sentencing entry in the plaintiff's case was found to be defective, and void; thereby prompting the termination of plaintiff's PRC supervision." Defendant denied liability in this matter asserting, "that at all times it acted in accordance with a facially valid sentencing entry and pursuant to a mandatory statutory duty." Furthermore, defendant maintained that plaintiff, in the instant action, has not "challenged the collection of the supervision fees" collected during the time he was under PRC supervision.

**{¶ 3}** Plaintiff filed a response pointing out he had attempted since January 2006 to obtain his release from PRC based on his own defective sentence. Plaintiff

---

[1] R.C. 5120.56 addresses "Recovering cost of incarceration or supervision from offender."
Specifically, R.C. 5120.56(B) and (D)5) state:
"(B) The department of rehabilitation and correction may recover from an offender who is in its custody or under its supervision any cost debt described in division (D) of this section. To satisfy a cost debt described in that division that relates to an offender, the department may apply directly assets that are in the department's possession and that are being held for that offender without further proceedings in aid of execution, and, if assets belonging to or subject to the direction of that offender are in the possession of a third party, the department may request the attorney general to initiate proceedings to collect the assets from the third party to satisfy the cost debt.
"(D) Costs of incarceration or supervision that may be assessed against and collected from an offender under division (B) of this section as a debt to the state shall include, but are not limited to, all of the following costs that accrue while the offender is in the custody or under the supervision of the department of rehabilitation and correction:
"(5) The cost of supervision of the offender;"
Ohio Adm. Code 5120:1-1-02(A) which addresses "Supervision Fees" states:
"(A) The department of rehabilitation and correction, division of parole and community services (DP&CS) shall recover from offenders under supervision on or after the effective date of this rule, a supervision fee, pursuant to division (D)(5) of section 5120.56 of the Revised Code. Offenders placed on, or moved to monitored time, shall not pay a supervision fee."

related he initially made the attempt to be released from PRC after he became aware of the holding in *Hernandez v. Kelly*, 108 Ohio St. 3d 395, 2006-Ohio-126.[2] Plaintiff advised he was convicted of violating R.C. 2907.03(A)(7)[3] (sexual battery) a third degree felony sex offense. Plaintiff noted that due to the nature of his conviction the sentencing court was required to follow R.C. 2967.28[4] to notify him that he would be subject to mandatory PRC for a five year period. Additionally, plaintiff submitted a copy of an entry from the Montgomery County Court of Common Pleas documenting his plea agreement from August 5, 2003 with stated prison terms for pleading "No Contest" to three counts of "sexual battery" plus referencing his being subjected to PRC after serving his prison term. Under "PRISON TERM(S)" the entry contains the following language: "Post-release control for a period up to three (3) years." Furthermore, plaintiff pointed out that the "Termination Entry" (copy submitted by defendant) from the sentencing court does not reference mandatory PRC of five years. The entry contained the following in regard to PRC: "[t]he Court advised the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release

---

[2] In *Hernandez*, the Ohio Supreme Court held that the APA lacked authority to impose PRC in a situation where the trial court upon sentencing had failed to notify the offender of mandatory PRC or to incorporate the issue of mandatory PRC in the sentencing entry, and Hernandez had finished serving his original sentence when the error regarding notice of PRC was discovered. Hernandez was granted a writ of habeas corpus after he had been reimprisoned for violating terms of PRC, an imposed requirement rendered invalid by a void sentence.

[3] R.C. 2907.03 (sexual battery) (A)(7) provides:

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

(7) The offender is a teacher, administrator, coach, or other person in authority employed by or serving in a school for which the state board of education prescribes minimum standards pursuant to division (D) of section 3301.07 of the Revised Code, the other person is enrolled in or attends that school, and the offender is not enrolled in and does not attend that school."

R.C. 2907.03(B) at the time plaintiff was sentenced stated:

"(B) Whoever violates this section is guilty of sexual battery . . . a felony of the third degree."

[4] R.C. 2967.28(A) states:

"(A) As used in this section:

"(3) 'Felony sex offense' means a violation of a section contained in Chapter 2907. of the Revised Code that is a felony."

At the time plaintiff was sentenced to a prison term in 2003, R.C. 2967.28(B)(1) provided:

"(B) Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment. Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following period:

"(1) For a felony of the first degree or for a felony sex offense, five years;"

control under the supervision of the parole board." Plaintiff argued he was subjected to PRC based on a defective and void sentencing entry that resulted in defendant "negligently collecting my $960." Plaintiff provided documentation where he made written notification to defendant in January, February, and April 2006 contesting the validity of his post-release control supervision.

{¶ 4} Defendant filed a motion to supplement the Investigation Report attaching a recent Ohio Supreme Court decision *State Ex Rel., Pruitt v. Cuyahoga County Court of Common Pleas*, Slip Opinion No. 2010-Ohio-1808, which addresses the issue of a defective sentencing entry in regard to post release control. Defendant noted the Court in this decision, at paragraph 4 stated the following:

{¶ 5} "{¶ 4} Moreover, notwithstanding Pruitt's assertions to the contrary, that sentencing entry sufficiently included language that postrelease control was part of his sentence so as to afford him sufficient notice to raise any claimed errors on appeal rather than by extraordinary writ. See *Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E. 2d 78, ¶ 51-53 (although petitioners' sentencing entries mistakenly included wording suggesting that postrelease control was discretionary rather than mandatory, they were sufficient to authorize the Adult Parole Authority to impose postrelease control, and petitioners had an adequate remedy at law by appeal to raise any sentencing error)."

{¶ 6} Defendant contended it, "was authorized to place the plaintiff on PRC based on the sentencing entry of the common pleas court." Additionally, defendant contended plaintiff's remedy was to file an appeal if he wanted to challenge the matter of a defective sentencing entry in regard to the implementation of PRC. Defendant asserted that at all times in this matter it complied with its statutory duty. Defendant argued plaintiff has not shown he is entitled to recover supervision fees for the time he was in PRC.

{¶ 7} Plaintiff, in pursuing the present action, is only requesting recovery of $960.00 in supervision fees he claimed were "needlessly collected" by defendant. Since this particular action is for the recovery of an alleged wrongful collection, the claim is grounded solely in equity. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991), 62 Ohio St. 3d 97, 579 N.E. 2d 695. "[T]he reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages . . ." *Ohio Hosp.*

*Assn.* at 150. "Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson* (2002), 534 U.S. 204, at 214, 122 S. Ct. 708, 151 L. Ed. 635.

{¶ 8} "Suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity." *Santos v. Ohio Bureau of Workers' Compensation*, 101 Ohio St. 3d 74, 2004-Ohio-28 at paragraph one of the syllabus. R.C. 2743.03(A)(1) and (2) states:

{¶ 9} "(A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

{¶ 10} "(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief."

{¶ 11} Additionally, R.C. 2743.10(A) states in pertinent part:

{¶ 12} "Civil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims . . ." R.C. 2743.10 does not confer equity jurisdiction at the Administrative Determination level of this court. Administrative Determination actions are solely for money damages. Equity jurisdiction in matters involving the state are reserved for judicial review. Although plaintiff, in the instant claim, is seeking to recover funds he asserted were wrongfully

withheld, the funds sought for recovery represent a claim for equitable relief and not money damages. Consequently, this court at the Administrative Determination level has no jurisdiction over claims grounded in equity based on the wrongful collection of funds from an inmate. See *Flanagan v. Ohio Victims of Crime Fund*, Ct. of Cl. No. 2003-08193-AD, 2004-Ohio-1842; also *Blake v. Ohio Attorney General's Office*, Ct. of Cl. No. 2004-06089-AD, 2004-Ohio-5420; and *Johnson v. Trumbull Corr. Inst.*, Ct. of Cl. No. 2004-08375-AD, jud. aff. (5-05-05), 2005-Ohio-1241.

{¶ 13} In essence the jurisdiction of the entire Court of Claims is based upon the type of relief sought, either money damages or equity. In *Parsons v. Ohio Bur. of Workers' Compensation*, Franklin App. No. 03AP-772, 2004-Ohio-4552, the 10th District Court of Appeals further addressed the issue of jurisdiction on equitable relief claims stating: " . . . the Court of Claims' jurisdiction is limited, in pertinent part, only to civil actions against the state permitted by the waiver of immunity contained within R.C. 2743.02. Thus, if the state consented to suit upon a claim prior to the enactment of the waiver contained in R.C. 2743.02, then the Court of Claims' jurisdiction does not extend to that claim. *Knecht v. Ohio Dept. of Rehab. & Corr.* (1992), 78 Ohio App. 3d 360, 365; *Upjohn Co. v. Ohio Dept. of Human Services* (1991), 77 Ohio App. 3d 827, 834. See, also, R.C. 2743.02(A)(1) ('To the extent that the state has previously consented to be sued, this chapter has no applicability.'). The state consented to be sued for equitable claims prior to the enactment of the Court of Claims Act. *Racing Guild of Ohio, Local 304 v. State Racing Comm.* (1986), 28 Ohio St. 3d 317, 320. Accordingly, we conclude that the Court of Claims cannot exercise jurisdiction over Parsons' equitable action" at ¶12. Concomitantly, the court cannot exercise jurisdiction over plaintiff's equitable action.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KARLOS L. PATTERSON

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

     Case No. 2010-01468-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE DETERMINATION


     Defendant's "Motion to Supplemental Investigation Report" is GRANTED.  For the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's case is DISMISSED with prejudice.  Court costs are assessed against plaintiff.


                           _____
                           DANIEL R. BORCHERT
                           Deputy Clerk

Entry cc:

| | |
|---|---|
| Karlos Patterson | Gregory C. Trout, Chief Counsel |
| 2194 Belvo Road | Department of Rehabilitation |
| Miamisburg, Ohio  45342 | and Correction |
| | 770 West Broad Street |
| | Columbus, Ohio  43222 |

RDK/laa
Filed 10/12/10
Sent to S.C. reporter 1/21/11