[Cite as *Chasteen v. London Corr. Inst.*, 2011-Ohio-6939.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ADAM CHASTEEN

   Plaintiff

   v.

LONDON CORRECTIONAL INSTITUTION

   Defendant

Case No. 2011-07265-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1} On September 13, 2010, plaintiff, Adam Chasteen, an inmate incarcerated at defendant's London Correctional Institution (LoCI) in the segregation unit, was transferred from LoCI to Madison Correctional Institution (MaCI).

{¶2} Plaintiff alleges that prior to his transfer, he delivered into the custody of LoCI staff a laundry bag containing three pair of boxer shorts, three T-shirts, one undershirt, three pair of socks, and two wash cloths. Plaintiff maintains he was not permitted to retrieve either the laundry bag or its contents prior to being transferred. In addition, plaintiff states his toothbrush holder and soap dish were kept in the segregation vault at LoCI and have not been returned to him.

{¶3} Plaintiff asserted his property was lost or destroyed as a proximate result of negligence on the part of LoCI personnel and he has consequently filed this complaint seeking damages in the amount of $100.00, consisting of $50.00 for the estimated replacement value of the property, and $50.00 for the inconvenience and loss of use of the missing items. Payment of the filing fee was waived.

{¶4} Plaintiff submitted a receipt dated June 3, 2010, which lists the purchase price of one athletic shirt at $2.77, one pair of socks for $.99, one wash cloth at $1.23, and one pair of boxer shorts at $2.50.

{¶5} In the investigation report defendant noted that "loss of use and inconvenience" are not recognizable elements of damages where plaintiff seeks the replacement value of the lost or missing items. Defendant admitted liability for the following: one athletic T-shirt, two wash cloths, three pair of socks, three pair of boxer shorts, three T-shirts and a laundry bag. Defendant denied liability for the toothbrush holder and soap dish inasmuch as plaintiff failed to prove "those items were ever delivered to the custody" of LoCI staff. Neither plaintiff nor defendant filed a property inventory form relevant to plaintiff's transfer into segregation or his transfer from LoCI to MaCI. Defendant deferred to the court to establish the reasonable value of the property for which defendant admits liability.

{¶6} Plaintiff filed a response insisting that he is entitled to all damages claimed. Plaintiff pointed out that his family purchased three T-shirts for him in November 2009 and that each shirt cost $8.12. Plaintiff contended that he is entitled to $45.18 for the lost property. Finally plaintiff proposes that the court should order defendant to provide plaintiff with a new laundry bag and three sets of state issue undergarments "as further equitable compensation for his loss."[1]

CONCLUSIONS OF LAW

{¶7} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶8} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, ¶41, citing *Miller v.*

---

[1] "R.C. 2743.10 does not confer equity jurisdiction at the Administrative Determination level of this court. Administrative Determination actions are solely for money damages. Equity jurisdiction in matters involving the state are reserved for judicial review." *Patterson v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2010-01468-AD, 2010-Ohio-6619. Accordingly, plaintiff's request for an additional equitable remedy is denied.

*Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶9} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶10} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶11} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶12} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶13} In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶14} Plaintiff's failure to prove delivery of the toothbrush holder and soap dish to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶15} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions credible regarding the loss of his undergarments and laundry bag.

{¶16} Negligence on the part of defendant has been shown in respect to the

issue of protecting plaintiff's property after he was transferred. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

{¶17}    The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶18}    As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶19}    Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶20}    Upon review of all the evidence submitted, the court finds plaintiff has suffered damages in the amount of $45.00.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ADAM CHASTEEN

     Plaintiff

     v.

LONDON CORRECTIONAL INSTITUTION

     Defendant

Case No. 2011-07265-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $45.00. Court costs are assessed against defendant.

                                         DANIEL R. BORCHERT
                                         Deputy Clerk

Entry cc:

Adam Chasteen, #566-894          Gregory C. Trout, Chief Counsel
P.O. Box 740                      Department of Rehabilitation
London, Ohio  43140            and Correction
                               770 West Broad Street
                               Columbus, Ohio  43222

SJM/laa

8/18
Filed 8/23/11
Sent to S.C. reporter 1/19/12