[Cite as *Doty v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-3216.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IAN M. DOTY

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-10029-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Ian Doty, an inmate formerly incarcerated at defendant's Lebanon Correctional Institution (LeCI), filed this complaint maintaining that LeCI personnel improperly withdrew $6.96 from his inmate account. Plaintiff related that in January 2011, he received underwear, t-shirts, and socks from Sergeant Shuttleworth while he was housed in isolation. Plaintiff maintained that he was improperly charged for the clothing in that he did not receive a conduct report nor did he attend a hearing in front of the Rules Infraction Board (RIB).

{¶2} Plaintiff asserted he was again improperly charged $3.75 while he was housed at Warren Correctional Institution (WCI) on March 15, 2011. Plaintiff contended he filed grievances concerning these matters and that this was the proper administrative remedy to pursue because he was never issued a conduct report and he did not appear before the RIB. Plaintiff insisted he did not sign a cash slip authorizing the withdrawal of funds. Consequently, plaintiff filed this action seeking recovery of damages in the amount of $8.08, representing the amount improperly withdrawn and not replaced in his inmate account- $6.96, plus $.88 in postage and $.20 for a pen used to write the

complaint. Payment of the filing fee was waived.

{¶3} Plaintiff submitted a copy of his inmate account statement from January 27, 2011, through July 21, 2011, listing the following relevant withdrawals: "01/27/2011 LeCI ($6.96) RIB-No Cash Slip Signature CLOTHING; 03/15/2011 WCI ($3.75) Payment to Treasurer State of Ohio RIB NO THRU 031511; 06/03/2011 ManCI ($3.21) Payment to Treasurer State of Ohio RIB fines-NO." Plaintiff also included a copy of a letter he received from an inspector associated with the Correctional Institution Inspection Committee (CIIC), Darin Furderer, dated July 28, 2011, which states that he "contacted WCI staff regarding your inmate account charges. It was relayed that LeCI RIB found you guilty for damaged clothing and charged you $6.96. Staff explained you did not sign the cash slip, but the case still follows you until the amount is collected out of your state pay. The funds were withdrawn in two separate transactions, one on March 15, 2011 for the amount of $3.75 at WCI and one on June 3, 2011 for $3.21 at ManCI. Understand that these charges were the result of a RIB disposition, they may not be appealed through the inmate grievance procedure."

{¶4} Defendant denied liability and contended that plaintiff "voluntarily signed a cash slip giving permission for [defendant] to take the funds in exchange for replacement items." Defendant submitted a copy of the LeCI institutional inspector's report wherein the inspector states he spoke with Sgt. Shuttleworth, Officer Cox who is the clothing issue officer, and Mrs. Bendel from the cashier's office. Sgt. Shuttleworth recalled that plaintiff "requested new whites while (he) was in isolation" and that upon being informed he would have to purchase them per policy, plaintiff "agreed and signed the cash slip for the amount listed by the clothing issue officer." The inspector noted that according to Mrs. Bendel, "the cashier's office received a cash slip signed by Inmate Doty and witnessed by Sgt. Shuttleworth. Mrs. Bendel stated the cash slip was for T-shirts, boxers, socks, and in the amount of $6.96." Additionally, the inspector reported he reviewed plaintiff's RIB file and verified plaintiff "did not receive a conduct report as stated in the complaint."

{¶5} Plaintiff filed a response.

{¶6} Plaintiff, in pursuing the present action, is requesting recovery of $6.96 in charges or fines he claimed were improperly deducted from his account by defendant. Since this particular action is for the recovery of an alleged wrongful collection, the claim is grounded solely in equity. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.* (1991),

62 Ohio St. 3d 97, 579 N.E. 2d 695. "The reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages . . ." *Ohio Hosp. Assn.* at 105. "Thus, for restitution to lie in equity, the action generally must seek not to impose liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson* (2002), 534 U.S. 204, 214, 122 S. Ct. 708, 151 L. Ed. 635.

{¶7} "Suit that seeks return of specific funds wrongfully collected or held by the state is brought in equity." *Santos v. Ohio Bureau of Workers' Compensation*, 101 Ohio St. 3d 74, 2004-Ohio-28 at paragraph one of the syllabus. R.C. 2743.03(A)(1) and (2) state:

{¶8} "(A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners. The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

{¶9} "(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to

{¶10} hear and determine that claim in that civil action. This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief."

{¶11} Additionally, R.C. 2743.10(A) states in pertinent part:

{¶12} "Civil actions against the state for two thousand five hundred dollars or less shall be determined administratively by the clerk of the court of claims . . ." R.C. 2743.10 does not confer equity jurisdiction at the Administrative Determination level of this court. Administrative Determination actions are solely for money damages. Equity

jurisdiction in matters involving the state are reserved for judicial review. Although plaintiff, in the instant claim, is seeking to recover funds he asserted were wrongfully deducted, the funds sought for recovery represent a claim for equitable relief and not money damages. Consequently, this court at the Administrative Determination level has no jurisdiction over claims grounded in equity based on the wrongful collection of funds from an inmate.

{¶13} In essence the jurisdiction of the entire Court of Claims is based upon the type of relief sought, either money damages or equity. In *Parsons v. Ohio Bur. of Workers' Compensation*, Franklin App. No. 03AP-772, 2004-Ohio-4552, the 10th District Court of Appeals further addressed the issue of jurisdiction on equitable relief claims stating: " . . . the Court of Claims' jurisdiction is limited, in pertinent part, only to civil actions against the state permitted by the waiver of immunity contained within R.C. 2743.02. Thus, if the state consented to suit upon a claim prior to the enactment of the waiver contained in R.C. 2743.02, then the Court of Claims' jurisdiction does not extend to that claim." *Parsons*, ¶12. Concomitantly, the court cannot exercise jurisdiction over plaintiff's equitable action. See *Johnson v. Trumbull Corr. Inst.*, Ct. of Cl. No. 2004-08375-AD, jud. aff. (5-05-05), 2005-Ohio-1241, *Patterson v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2010-01468-AD, 2010-Ohio-6619.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

IAN M. DOTY

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2011-10029-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's case is DISMISSED with prejudice. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ian M. Doty, #635-838
P.O. Box 45699
Lucasville, Ohio 45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 43222

011
Filed 2/8/12
sent to S.C. Reporter 7/17/12