[Cite as *Davis v. Dept. of Rehab. & Corr.*, 2012-Ohio-5278.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LEROY DAVIS

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2012-04561-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF DISMISSAL

{¶1} On June 6, 2012, plaintiff, Leroy Davis, filed a complaint against defendant, Department of Rehabilitation and Correction ("DRC"), asserting that every month since August 2010, defendant wrongfully withdrew funds from his inmate account to pay court costs in a Municipal Court. Plaintiff contends funds cannot be withdrawn to pay Municipal Court costs.

{¶2} On August 14, 2012, defendant filed a motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(1), lack of subject matter jurisdiction. On August 21 and 22, 2012, plaintiff filed motions contra to defendant's motion to dismiss.

{¶3} Since this particular action is for the recovery of an alleged wrongful collection, the claim is grounded solely in equity. *Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St. 3d 97, 579 N.E. 2d 695 (1991). "The reimbursement of monies withheld pursuant to an invalid administrative rule is equitable relief, not money damages . . ." *Ohio Hosp. Assn.* at 105. "Thus, for restitution to lie in equity, the action generally must seek not to impose liability on the defendant, but to restore to the plaintiff

particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214, 122 S. Ct. 708, 151 L. Ed. 635 (2002).

{¶4}  "Suit that seeks return of specific funds wrongfully collected or held by the state is brought in equity*." Santos v. Ohio Bureau of Workers' Compensation*, 101 Ohio St. 3d 74, 2004-Ohio-28, 801 N.E. 2d 441,  at paragraph one of the syllabus.

{¶5}  R.C. 2743.03(A)(1) and (2) state:

{¶6}  "(A)(1) There is hereby created a court of claims.  The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners.  The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims.

{¶7}  "(2) If the claimant in a civil action as described in division (A)(1) of this section also files a claim for a declaratory judgment, injunctive relief, or other equitable relief against the state that arises out of the same circumstances that gave rise to the civil action described in division (A)(1) of this section, the court of claims has exclusive, original jurisdiction to hear and determine that claim in that civil action.  This division does not affect, and shall not be construed as affecting, the original jurisdiction of another court of this state to hear and determine a civil action in which the sole relief that the claimant seeks against the state is a declaratory judgment, injunctive relief, or other equitable relief."

{¶8}  Additionally, R.C. 2743.10(A) states in pertinent part:

{¶9}  "Civil actions against the state for ten thousand dollars or less shall be determined administratively by the clerk of the court of claims . . ."  R.C. 2743.10 does not confer equity jurisdiction at the Administrative Determination level of this court.

Administrative Determination actions are solely for money damages. Equity jurisdiction in matters involving the state are reserved for judicial review. Although plaintiff, in the instant claim, is seeking to recover funds he asserted were wrongfully deducted, the funds sought for recovery represent a claim for equitable relief and not money damages. Consequently, this court at the Administrative Determination level has no jurisdiction over claims grounded in equity based on the wrongful collection of funds from an inmate.

{¶10} In essence the jurisdiction of the entire Court of Claims is based upon the type of relief sought, either money damages or equity. In *Parsons v. Ohio Bur. of Workers' Compensation*, 10th Dist. No. 03AP-772, 2004-Ohio-4552, the 10th District Court of Appeals further addressed the issue of jurisdiction on equitable relief claims stating: "the Court of Claims' jurisdiction is limited, in pertinent part, only to civil actions against the state permitted by the waiver of immunity contained within R.C. 2743.02. Thus, if the state consented to suit upon a claim prior to the enactment of the waiver contained in R.C. 2743.02, then the Court of Claims' jurisdiction does not extend to that claim." *Parsons*, ¶12. Concomitantly, the court cannot exercise jurisdiction over plaintiff's equitable action. See *Johnson v. Trumbull Corr. Inst.*, Ct. of Cl. No. 2004-08375-AD, jud. aff. (5-5-05), 2005-Ohio-1241, *Patterson v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2010-01468-AD, 2010-Ohio-6619.

{¶11} IT IS ORDERED THAT:

{¶12} Defendant's motion to dismiss is GRANTED;

{¶13} Plaintiff's case is DISMISSED;

{¶14} The court shall absorb the court costs of this case.

_____

Case No. 2012-04561-AD                - 4 -                                  ENTRY

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Leroy Davis, #628-163
15802 State Route 104 North
Chillicothe, Ohio  45601

Stephen Young
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

DRB/laa
Filed 10/31/12
sent to S.C. Reporter 11/14/12